UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SALUS CAPITAL PARTNERS, LLC,                : 1:17-cv-5536-NRB
                                            :
                  Petitioner,               :
                                            :
v.                                          : DECLARATION IN
                                            : OPPOSITION TO
ANDREW MOSER,                               : RESPONDENT'S MOTION
                                            :
                  Respondent.               :
-----------------------------------------------------------x

DOUGLAS BROOKS, ESQ., hereby declares pursuant to 28 U.S.C. §1746:

1. I am an attorney licensed to practice law in Massachusetts. I am a partner in the Boston law firm of LibbyHoopes, which represented petitioner, Salus Capital Partners, LLC ("Salus") as Claimant in an arbitration administered by the American Arbitration Association ("AAA") entitled Salus Capital Partners, LLC v. Andrew Moser, AAA Case No. 01-15-0004-9758 (the "Arbitration").

2. I respectfully submit this declaration in opposition to the motion by the respondent, Andrew Moser ("Moser"), to dismiss this proceeding or alternatively to vacate parts of an arbitration award ("Respondent's Motion"), and in further support of Salus's "Petition To Confirm Arbitration Award" (the "Petition" or "Pet.").

3. Annexed hereto as **Brooks Exhibit 1** is a true and correct copy of Salus's Demand for Arbitration and Description of Claims (the "Demand"). Among other remedies sought thereunder, the Demand expressly requested an award of attorneys' fees under the relevant agreements.

4. Annexed hereto as **Brooks Exhibit 2** is a true and correct copy of Moser's Response to Salus's Demand, including "Statement of Counterclaim" (the "Response"). Among

other remedies sought by Moser, the Response expressly requested an award of attorneys' fees in Moser's favor. Thus, both parties formally requested an award of attorneys' fees.

5. From the time the arbitration was initiated, in September 2015, until mid-June 2016, when his initial counsel gave "Notice of Withdrawal" due to non-payment of fees, Moser was represented by counsel. Thereafter, until November 2016, Moser proceeded *pro se*.

6. After his first lawyer's withdrawal, Moser's communications to me, the AAA case manager, and/or the Arbitrator, Mr. Feliu, were sent by him by email, almost always from Moser's gmail account, the address for which was: **ahmharborside@gmail.com**. (On the few occasions when Moser chose to send arbitration-related communications from his work email (amoser@monroecap.com), he always "cc'd" the email to his gmail account.) Likewise, the AAA and I corresponded with Moser by email to his gmail address. Representative examples of such email communications are collected and annexed hereto as **Brooks Exhibit 3**.

7. During a conference call with the AAA on July 26, 2016, the Arbitrator instructed Moser to provide both me and the AAA with an email address where he could receive communications related to the Arbitration. The next day, July 27, 2016, Moser confirmed that I should "direct all future personal correspondence" to his **ahmharborside@gmail.com** email address. A true and correct copy Moser's email is annexed hereto as **Brooks Exhibit 4**.

8. The arbitration hearing took place October 5-6, 2016. Although Salus subpoenaed Moser to appear to testify, Moser failed to appear.

9. Annexed hereto as **Brooks Exhibit 5** is an excerpt from the transcript of the first day of the arbitration hearing, together with "Arbitrator Exhibits" numbered 1 through 4, as described in the transcript excerpt.

10. A few weeks after the close of the hearing, Moser engaged the law firm of Saul Ewing to represent him in the Arbitration; specifically, an attorney named Peter Brooks of that firm (no relation to me) appeared on Moser's behalf, and requested that two affidavits and various exhibits be included in the arbitration record.

11. Annexed hereto as **Brooks Exhibit 6** is a true and correct copy of the Arbitrator's November 4, 2016 Order ruling on the admissibility of various affidavits and exhibits that Moser, through new counsel, submitted after the hearing had ended. In that order, the Arbitrator noted Moser's "repeated failure to comply with my Orders and to participate in good faith in these proceedings or allow himself to be examined by Claimant in any manner."

12. Annexed hereto as **Brooks Exhibit 7** is a true and correct copy of an excerpt from Salus's post-hearing brief in the arbitration. It is this excerpt that, in footnote 1 of the Partial Final Award, the Arbitrator referenced as "accurately recount[ing]" the procedural history of the arbitration.

13. Moser also submitted a post-hearing brief, through counsel. Moser's post-hearing brief challenged the amount of investigative costs for which Salus sought indemnification (e.g., the reasonableness of certain charges), but Moser's post-hearing brief did not contend that the Arbitrator lacked authority to award indemnification, for either investigative costs or attorneys' fees. Annexed hereto as **Brooks Exhibit 8** is the relevant excerpt from Moser's counsel post-hearing brief.

14. On December 29, 2016, the AAA delivered to me and to Saul Ewing, as counsel for Moser, the Arbitrator's "Partial Final Award." Annexed hereto as **Brooks Exhibit 9** is a true and correct copy of the AAA's email and the attached letter. (For the sake of economy, I have

not included in this exhibit the second attachment – i.e., the lengthy Partial Final Award itself – because I understand that it is an exhibit to Salus's Petition.)

15. The Partial Final Award set forth the Arbitrator's conclusion that Salus was entitled to recover indemnification for both pre-arbitration investigative costs and the attorneys' fees incurred in the Arbitration. While the Partial Final Award fixed the amount of the former, it set a briefing schedule for determining the amount of attorneys' fees to be awarded to Salus – with Salus's fee application due January 27, 2017, and Moser's opposition papers due February 21, 2017. Salus timely complied, but Moser failed to submit any opposition to the fee application. Subsequently, Moser's second set of lawyers withdrew from representing him, and Moser made a belated request (again, using his ahmharborside@gmail.com address) for an indefinite extension of time to submit opposition to the fee application.

16. Annexed hereto as **Brooks Exhibit 10** is a true and correct copy of the AAA's March 16, 2017 email and attachment by which the AAA delivered to me (on behalf of Salus) and to Moser directly the Arbitrator's March 16, 2017 order denying Moser's extension request.

17. Annexed hereto as **Brooks Exhibit 11** is the April 17, 2017 email and attachment by which the AAA delivered both to me (on behalf of Salus) and to Moser directly the Arbitrator's Final Award.

            I, Douglas Brooks, declare under penalty of
            perjury pursuant to 28 U.S.C. § 1746 that
            the foregoing is true and correct.

Dated: September 1, 2017

_____
Douglas Brooks